IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-579 |
| | § | Judge Clark/Judge Mazzant |
| | § | |
| JOYCE ANGELA SHATTEEN | § | |
| | § | |
| *Defendant.* | § | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On November 19, 2012, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that plaintiff/counter-defendant's motion to dismiss counterclaim [Doc. #8] be granted [Doc. #9]. On December 20, 2012, defendant filed objections [Doc. #14]. On January 2, 2013, plaintiff filed a response [Doc. #16]. The court also allowed defendant to file a supplement to her objections with attachments [Doc. #19].

On September 7, 2012, plaintiff JPMorgan Chase Bank, N.A. filed this action seeking a judicial foreclosure of real property located at 3452 Lark Meadow Way, Dallas, Texas 75287 (the "Property"). Plaintiff also seeks a writ of possession. Defendant, *pro se*, filed a counterclaim. In her counterclaim, defendant's sole cause of action relates to plaintiff's alleged failure to comply with a consent judgment entered by plaintiff, the United States of America, and various states, including

1

Texas. Plaintiff filed a motion to dismiss and defendant did not file a response. The Magistrate Judge issued a report that the motion to dismiss be granted. The Magistrate Judge determined that defendant has no standing to challenge any alleged violation of the consent judgment. The Magistrate Judge also found that defendant's claims would be barred by res judicata because defendant's previous claims concerning the Property were dismissed with prejudice in Civil Action No. 4:10-cv-00107-RC-ALM.

Defendant objects that it was error to grant the motion to dismiss because the consent decree reaffirms procedures already set in place years before by Fannie Mae, the entity that governs her loan. Defendant's objection fails to address the issue of standing. Since she was not a party to the consent decree, she would have no standing to enforce it. The Magistrate Judge committed no error.

Defendant's next objection is based upon the fact that she appealed the decision in the previous case. This argument is misplaced. "A case pending appeal is res judicata and entitled to full faith and credit unless and until reversed on appeal." *Fidelity Standard Life Ins. Co. v. First Nat. Bank & Trust Co. of Vidalia, Georgia*, 510 F.2d 272, 273 (5th Cir. 1975). Thus, the fact that defendant has appealed the previous judgment does not prevent application of res judicata.

Defendant asserts that res judicata does not apply because this current lawsuit is about judicial foreclosure which is not part of the first action. Res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). A party is precluded from relitigating claims when the following four elements are satisfied: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved

in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

Again, defendant's argument is misplaced. The only element contested in her objections is whether the same claim or cause of action was involved in both actions. The Fifth Circuit has adopted the Restatement's "transactional test" to determine claim similarity. *Petro–Hunt*, 365 F.3d at 395. "The critical issue is whether the two actions under consideration are based on the same nucleus of operative facts." *Id.* at 396. In the prior action, defendant asserted claims arising from her dealings with plaintiff in connection with her request for a loan modification to avoid foreclosure. She specifically complained that she never received a response to a June 2009 request for more favorable loan modification terms than those that had been offered to her. She also alleged claims based upon plaintiff's failure to notify her that loan modification terms purportedly offered by an employee of plaintiff had been withdrawn. The claims asserted in her counterclaim arise out of the same set of facts. Here, defendant is complaining of actions taken by plaintiff in failing to approve a loan modification or failing to provide her notice of a decision regarding a loan modification. The court agrees with the Magistrate Judge that the summary judgment on all of defendant's claims in the prior action, which resulted in dismissal of the prior action with prejudice, bars defendant's counterclaims under res judicata. Thus, all claims related to her loan modification cannot be raised in this action and would be barred by res judicata.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by defendant [Doc. #14], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that plaintiff's motion to dismiss counterclaim [Doc. #8] is

GRANTED and defendant's counterclaim is DISMISSED with prejudice.

So **ORDERED** and **SIGNED** on February __18__, 2013.

_____
Ron Clark
United States District Judge