# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A. | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-579 |
| | § | Judge Mazzant |
| JOYCE ANGELA SHATTEEN | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Summary Judgment (Dkt. #37). Having considered the motion, and the lack of response thereto, the Court finds that the motion should be granted.

## BACKGROUND

On May 24, 1999, Defendant Joyce Shatteen ("Shatteen") executed a Note in the original principal amount of $114,300.00. To secure payment of the Note, Shatteen simultaneously executed a Deed of Trust encumbering the property located at 3452 Lark Meadow Way, Dallas, Texas 75287 (the "Property"), which was recorded in the Denton County Real Property records as Instrument No. 99-R0057670. Plaintiff JPMorgan Chase Bank, N.A. ("JPMC") is the mortgage servicer for the loan.

The last payment made by Shatteen on the Note was received May 30, 2008. This payment brought the loan current through April 1, 2008. No further payments have been made by Shatteen. Shatteen is in default of the Note. Shatteen was provided notice of her default and an opportunity to cure, but Shatteen did not cure the default and JPMC accelerated the loan, declaring all outstanding principal and accrued but unpaid interest to be immediately due and payable.

In order to block non-judicial sale of the Property, Shatteen filed suit seeking a temporary restraining order and complaining of JPMC's actions relating to a failed request to modify her loan.

That action was removed to this Court where it was assigned Civil Action No. 4:10-cv-00107 (the "Prior Suit"). On June 29, 2012, this Court entered an order in the Prior Suit granting JPMC's summary judgment, dismissing the action with prejudice. The Fifth Circuit affirmed such judgment. *Shatteen v. JP Morgan Chase Bank, N.A.*, 519 F. App'x 320 (5th Cir. 2013).

JPMC filed the instant action seeking to proceed with judicial foreclosure. Shatteen filed an answer and counterclaim for JPMC's alleged failure to comply with a consent judgment to which she was not a party. JPMC moved to dismiss this counterclaim with prejudice, and the Court granted that motion. The only claims still pending are JPMC's claims for breach of contract and declaratory judgment of judicial foreclosure.

On September 22, 2014, JPMC filed a motion for summary judgment (Dkt. #37). After being granted an extension, Shatteen failed to file a response (Dkt. #43).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257.

## DISCUSSION AND ANALYSIS[1]

JPMC moves for summary judgment asserting that the undisputed evidence establishes that Shatteen breached the Note by failing to make payments and JPMC has been damaged in the amount of $140,597.55. In order to establish a claim for breach of contract, a plaintiff must establish: (1) the existence of a valid, enforceable contract; (2) the plaintiff performed or tendered performance; (3) defendant breached the contract; and (4) defendant's breach caused plaintiff's damages. *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

---

[1] JPMC requests that the Court take judicial notice of the documents filed in the Prior Suit. The Court grants this request. It is appropriate for the Court to take judicial notice of matters of public record, including documents filed in a prior suit, when considering res judicata. *See Hall v. Hodgkins*, No. 6:07CV246, 2008 WL 972695, at *2 (E.D. Tex. Apr. 8, 2008), *aff'd* 305 F. App'x 224 (5th Cir. 2008); *MacMillan Bloedel Ltd. v. Flintkote Co.*, 760 F.2d 580, 587 (5th Cir. 1985).

It is undisputed that Note and Deed of Trust are valid contracts. Under the terms of the Note, Shatteen was required to make monthly payments on the Note. Shatteen breached by failing to make her loan payment due on April 1, 2008. Despite being provided notice of her default and an opportunity to cure, Shatteen failed to cure her default. JPMC has performed its obligations under the Note and Deed of Trust by properly serving the statutorily required notices advising of JPMC's intent to accelerate, and demanding Shatteen cure the default. JPMC accelerated the maturity of the Note in accordance with its terms. JPMC has suffered injury from Shatteen's breach in the form of the accelerated amount due on the Note, which remains unpaid. The total unpaid balance of the Note is at least $140,597.55. JPMC is entitled to summary judgment for this amount.

JPMC also asserts that it is entitled to a declaratory judgment of foreclosure. The Court agrees. The Deed of Trust provides that upon Borrower's default, JPMC may invoke the power of sale and any other remedies permitted by applicable law. "Under Texas law, lenders have a substantive right to elect judicial or nonjudicial foreclosure in the event of a default … ." *Douglas v. NCNB Texas Nat. Bank*, 979 F.2d 1128, 1130 (5th Cir. 1992). Shatteen defaulted by failing to make her April 1, 2008 payment and has not brought the loan current to date. JPMC sent the appropriate notices to accelerate the debt, and JPMC has elected judicial foreclosure as its remedy and filed this action seeking such relief. In this case, the undisputed evidence demonstrates that JPMC is entitled to judicial foreclosure of the Deed of Trust. JPMC has produced a copy of the Note, Deed of Trust, provided written notice of default and intent to accelerate and an opportunity to cure, and established that Shatteen remains in default on the Note. Because Shatteen defaulted on the Note, and the Deed of Trust provides for foreclosure upon default, and JPMC provided all required notices, JPMC is entitled to summary judgment for judicial foreclosure.

JPMC asserts that any attempt by Shatteen to avoid foreclosure is barred by res judicata. The doctrine of res judicata, read in the broadest sense of the term, embraces two distinct preclusion concepts: claim preclusion, often termed "res judicata," and issue preclusion, often referred to as "collateral estoppel." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994). Claim preclusion, or "pure" res judicata, is the "venerable legal canon" that insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits. *Medina v. I.N.S.*, 993 F.2d 499, 503 (5th Cir. 1993).

"Under Texas law, three elements must be satisfied in order for res judicata to be appropriate: '(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action.'" *Carrasco v. City of Bryan, Tex.*, No. H–11–662, 2012 WL 950079, at *3 (S.D. Tex. March 19, 2012) (quoting *Berkman v. City of Keene*, No. 3:10–cv–2378–B, 2011 WL 3268214 (N.D. Tex. 2011)); *see also Hogue v. Royse City, Tex.*, 939 F.2d 1249, 1252-54 (5th Cir. 1991). If these four conditions are satisfied, res judicata prohibits either party from raising any claim or defense in the later action that was or could have been raised in support of or in opposition to the cause of action asserted in the prior action. *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990).

In the Prior Suit, Shatteen asserted claims against JPMC related to alleged discussions regarding the modification of the loan. *Shatteen*, 519 F. App'x at 320. JPMC was awarded summary judgment on all claims asserted by Shatteen, and that judgment was affirmed by the Fifth Circuit. Under the transactional test, any defenses arising out of the same nucleus of operative facts raised in the Prior Suit are barred by res judicata. In fact, in dismissing counterclaims asserted by Shatteen

in this case, this Court ruled that the claims asserted by Shatteen are barred by res judicata. Thus, Shatteen cannot rely upon any claims related to the servicing of her loan or any other claim arising from the same nucleus of operative facts as the claims asserted in Shatteen's prior suit against JPMC.

Finally, JPMC is entitled to its reasonable and necessary attorneys' fees under Chapter 38 of the Texas Civil Practice & Remedies Code due to its breach of contract claim. Under this section, an award of reasonable fees to the party that prevails in a breach of contract action is mandatory, but the amount of reasonable fees is discretionary. *Fluorine on Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 866 (5th Cir. 2004). One method of calculating reasonable attorneys' fees under section 38.001 is the "lodestar" method. *See, e.g., McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008). Under Texas law, the "party applying for an award of attorney's fees under the lodestar method bears the burden of documenting the hours expended on the litigation and the value of those hours." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012). To calculate reasonable attorneys' fees under the lodestar method, courts must first establish a lodestar fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). Texas courts determine reasonableness by applying the *Arthur Andersen* factors. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). These factors are: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7)

the expertise, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *Id.* "[E]vidence of each of the *Andersen* factors is not required to support an award of attorney's fees." *Arthur J. Gallagher & Co. v. Dieterich*, 270 S.W.3d 695, 706 (Tex. App.--Dallas 2008, no pet.). "The court can also look at the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties." *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 318 (Tex. App.--Dallas 2009, pet. denied). Once the court has determined the lodestar, it may accept the lodestar or adjust it up or down. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). "The lodestar method aims to provide a relatively objective measure of attorney's fees," and, to ensure this, trial courts "should obtain sufficient information to make a meaningful evaluation of the application for attorney's fees." *El Apple I*, 370 S.W.3d at 762. In this case, Plaintiff has provided an affidavit from Mr. Lewis on the issue. Therefore, JPMC is entitled to recover its reasonable attorneys' fees, and the total amount of fees incurred by JPMC in prosecuting this action is $6,491.66.

## CONCLUSION

It is therefore ORDERED that Plaintiff JPMorgan Chase Bank, N.A.'s Motion for Summary Judgment (Dkt. #37) is GRANTED against Defendant Joyce Angela Shatteen for judicial foreclosure. It is further recommend that the Court enter judgment in favor of JPMC that Shatteen owes a debt of $140,597.55, secured by property located at 3452 Lark Meadow Way, Dallas, Texas 75287, described with more particularity as:

LOT 13, BLOCK 6/8752, OF MEADOW GLEN, AN ADDITION TO THE CITY OF

DALLAS, DENTON COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET I, SLIDE 128, MAP RECORDS, DENTON COUNTY, TEXAS.

(the "Property") and reasonable attorneys' fees $6,491.66, incurred by JPMC in prosecuting its claim for judicial foreclosure. It is further recommended that judgment of foreclosure is due to be entered as follows:

1. The Note and Deed of Trust, recorded in the Denton County Real Property records as Instrument No. 99-R0057670 ("Deed of Trust") are valid and enforceable contracts. Shatteen has not made payments on the Note in over four years and is in default and, therefore, in breach of the Note and Deed of Trust;

2. The U.S. Marshal's Service, or any such person designated by the Court, shall sell the Property at public auction to the highest bidder for cash according to the terms and conditions set forth below:

   a. The sale by public auction shall be held at the Courtyard area of the southwest corner of Denton County Court Building or as designated by the Court;

   b. The sale shall occur on the first Tuesday of the month at least five weeks from the date of this order as determined by the U.S. Marshal's Service or such person as the Court designates to conduct the sale;

   c. After the date and time for sale is determined, JPMC shall insert same in a notice of sale and promptly mail a copy of the notice of sale, by regular mail and by certified mail, return receipt requested, to:

   Joyce Shatteen
   3452 Lark Meadow Way
   Dallas, Texas 75287

d. JPMC shall also announce the date and time of such public auction sale by advertising the notice of sale in the Denton Record-Chronicle for four (4) consecutive weeks prior to the sale date. The notice of sale shall contain the legal description of the Property and the time and place of the sale;

e. The U.S. Marshal's Service, or any such person designated to conduct the sale, shall deliver a deed to the successful bidder upon payment of the bid price and delivery of same in certified funds payable to the Clerk of Court. The Property will be sold "as is";

f. JPMC is responsible for payment of the expenses associated with administering the foreclosure sale;

g. If JPMC is the successful bidder, JPMC's bid price shall constitute a credit against the amount owed by Shatteen to JPMC under the Note; and

h. The sale of the Property will confirm itself unless an objection is filed with this Court within 15 days after the date of the sale. If an objection is filed, the sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, the U.S. Marshal shall execute and deliver a deed conveying the Property "as is" to the purchaser.

It is further ORDERED that all persons occupying the property shall turn over the keys to the Property to the U.S. Marshal or a representative of the U.S. Marshal's Service. All parties shall vacate the property permanently within 30 days from the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). If any person fails or refuses to leave and vacate the Property by the time specified

in this Order, the U.S. Marshals are authorized and directed to take all actions that are reasonably necessary to bring about the ejectment of those persons. If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the property thereafter is deemed forfeited and abandoned, and JPMC and its employees are authorized to remove it and to dispose of it in any manner it sees fit;

It is further ORDERED that after the sale is confirmed by the Court, the Court shall distribute the proceeds of the sale, as far as they shall be sufficient, to the following entities, in the order specified:

    a. First, to JPMC for the costs of the sale; and

    b. Second, to JPMC in the amount of $140,597.55; and

    c. Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

Finally, it is ORDERED that a copy of this Judgment and Decree of Foreclosure shall be recorded in Denton County Real Property records.

**SIGNED this 7th day of January, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE